UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
Hector I. Cano,

                           Plaintiff,                      **OPINION AND ORDER**

         -against-                          19-cv-9469 (AEK)

Cherry Lawn Farms, Inc. d/b/a Cherry Lawn
Farm Market, Paul DiPietro, and Armando
D'Onofrio,

                           Defendants.
---------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

      Plaintiff Hector I. Cano commenced this action on October 14, 2019, asserting claims against Defendants Cherry Lawn Farms, Inc. d/b/a Cherry Lawn Farm Market, Paul DiPietro, and Armando D'Onofrio for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and New York Labor Law, N.Y. Lab. Law § 650 et seq. ("NYLL"), based on the failure to pay the minimum wage, pay overtime wages, pay spread of hours wages, and provide statutorily required wage statements and notices. ECF No. 1 (Complaint); see also ECF No. 16 (Amended Complaint). Plaintiff also brought claims for, among other things, discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. Id.[2] Before the Court is the parties' application for approval of a settlement agreement in

---

[1] The parties have consented to the Court's jurisdiction under 28 U.S.C. § 636(c). ECF No. 44.

[2] According to the parties, they have executed a separate Settlement Agreement and Release with respect to the non-wage claims. ECF No. 48 at 1 n.1. The settlement of these claims is not subject to judicial approval.

accordance with Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). For the reasons that follow, the application is denied without prejudice.

## DISCUSSION

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." Fisher v. SD Prot. Inc., 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. See, e.g., Cronk v. Hudson Valley Roofing & Sheetmetal, Inc., No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Fisher, 948 F.3d at 600 (quoting Wolinsky, 900 F. Supp. 2d at 335). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

2

Wolinsky, 900 F. Supp. 2d at 336 (quotation marks omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Fang Xiao v. Grand Sichuan Int'l St. Marks, Inc., No. 14-cv-9063, No. 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the proposed settlement, having presided over two settlement conferences in this matter which ultimately resulted in the parties reaching an agreement to resolve the case—a process that involved extensive discussion about the merits of the case with the parties—and having considered the totality of the circumstances, the Court finds that the parties' settlement agreement, with one exception set forth below, is fair and reasonable.

All five Wolinsky factors weigh in favor of approval. First, the settlement agreement provides for a total settlement payment of $160,000, with $106,011.67 payable to Plaintiff and $53,988.33 payable to Plaintiff's counsel for attorneys' fees and costs. Based on the calculations provided by Plaintiff in an ex parte letter submitted to the Court in advance of the first settlement conference and discussed at length with the Court during the settlement conferences, the amount payable to Plaintiff in the proposed settlement constitutes approximately 42 percent of the total amount of damages to which Plaintiff claims he would have been entitled had he prevailed at trial.[3] This percentage of recovery is unquestionably in line with recovery amounts in other FLSA cases in this District where courts have approved settlement terms. See, e.g., Santos v. YMY Mgmt. Corp., No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021)

---

[3] For purposes of this analysis, the Court used the total damages calculated by Plaintiff for unpaid minimum wage, unpaid overtime wages, unpaid spread of hours wages, liquidated damages, and statutory damages under the FLSA and NYLL.

3

(approving settlement where plaintiff's recovery was "approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range.") (collecting cases).

Second, the settlement will enable to parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses.  The parties have engaged in some paper discovery, but they have not taken any depositions, nor have they engaged in any motion practice, which likely would have occurred before trial here.

Third, both parties would have faced significant litigation risks if this case had proceeded to trial.  Despite Plaintiff's claims regarding the wages he was paid, Defendants have produced documents they contend show that Plaintiff was paid at a higher weekly rate, and Defendants also assert that Plaintiff was exempt from overtime wages at certain times and did not work all hours alleged.  ECF No. 48 at 2.  Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for both parties.

Fourth, after the parties engaged in two mediation sessions with a court-ordered mediator, the Court presided over two settlement conferences and observed firsthand that the proposed settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, the Court has no reason to believe that the proposed settlement is the product of fraud or collusion.

Moreover, none of the factors set forth in Wolinsky that weigh against approving a settlement exist in this case.  This is a case involving an individual Plaintiff—the Court is not aware of other employees who are similarly situated to Plaintiff, and Plaintiff will be the only

4

employee affected by the settlement and dismissal of the lawsuit. Given that the employment relationship between Plaintiff and Defendants has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur. The Court is not aware of a history of FLSA non-compliance by this employer, and the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

The proposed settlement agreement does not contain confidentiality or non-disparagement provisions that would preclude court approval, see Cortes v. New Creators, Inc., No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016), and the "Waiver and Release of Wage and Hour Claims" section of the proposed settlement agreement is appropriately limited to the wage-and-hour claims asserted in this action and related claims that could have been asserted, see, e.g., Illescas v. Four Green Fields LLC, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021).

One provision of the proposed settlement agreement, however, contains problematic language that precludes Court approval of the parties' application at this time. In paragraph 10 of the proposed agreement ("Other actions"), the parties have included three sentences that amount to an impermissibly overbroad general release. The provision states, in relevant part, that

> Plaintiff agrees not to directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency), against any of the Defendants other than to specifically enforce the terms of this Agreement. This covenant not to sue shall concern only those claims and damages arising prior to the Effective Date of this Agreement (including, but not limited to, any and all penalties, damages, attorney's fees and interest that may have otherwise been payable). The Effective Date of this Agreement shall be the latest date of execution by a signatory hereto.

ECF No. 48-1, ¶ 10 (emphases added).  This language—agreeing not to "directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum . . . against any of the Defendants" and agreeing to a covenant not to sue applicable to "those claims and damages arising prior to the Effective Date of this Agreement"—is "far too sweeping to be 'fair and reasonable'" as it would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues."  Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015).  If the parties delete this language from the proposed settlement agreement, the Court will be able to approve the remainder of the agreement.  If the parties are inclined instead to attempt to modify this language, they must do so in a manner consistent with the well-established limitations on such overbroad releases and tailor the new proposed language accordingly, such as by limiting this provision to wage-and-hour issues.

With respect to attorneys' fees and costs, the proposed settlement provides for Plaintiff's counsel to receive $53,533.33 in fees—approximately one-third of the total settlement amount—and $655 in costs.  "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases."  Santos, 2021 WL 431451, at *2 (quotation marks and brackets omitted).[4]  "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the

---

[4] One third of the $160,000 settlement amount is $53,333.33, the proposed amount of fees here.  But "when awarding fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement net of costs."  Beckert v. Ronirubinov, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) (citation omitted) (emphasis in original).  In this case, one-third of the total settlement fund net of costs is $53,115 ($160,000 - $655 = $159,345; $159,345 ÷ 3 = $53,115).  The difference between the parties' proposed award of fees and costs and the amount of the award calculated based on the total settlement net of costs is negligible (a difference of just $218.33), and therefore does not alter the Court's analysis.

reasonableness of attorneys' fees." Id. (quotation marks omitted).  Appropriately, Plaintiff's counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application.  See Fisher, 948 F.3d at 600 ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.").

Applying the lodestar method, Plaintiff's counsel spent a total of 160.5 hours on this case.  Leopold Raic, an attorney with 20 years of experience, spent 57.5 hours, at an hourly rate of $300; Zafer Akin, an attorney with approximately 25 years of experience, spent 20 hours, at a reduced hourly rate of $400; and Robert Salaman, an attorney with 8 years of experience, spent 83 hours, at an hourly rate of $400.  Because the Court finds the requested fee to be reasonable, it will not address whether the hourly rates and number of hours expended on this case, as reflected in Plaintiff's counsel's billing records, are themselves reasonable.  The proposed attorneys' fee of $53,333.33 represents approximately 91 percent of the lodestar amount,[5] which is fair and reasonable given the facts and circumstances of this case.  See Gervacio v. ARJ Laundry Servs. Inc., No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

In addition, Plaintiff's counsel seeks costs of $655, which were incurred for filing the complaint and service of process, and counsel has provided a print-out documenting these expenses.  See ECF No. 48-2.  Counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated.  See, e.g., Cortes, 2016 WL 3455383, at *6 ("Court fees

---

[5] Plaintiff's counsel states that the lodestar amount is $60,100, but using the information provided by counsel regarding the number of hours worked and the applicable hourly rates, see ECF No. 48-3, the lodestar computes to $58,450 (57.5 hours x $300 = $17,250; 103 hours x $400 = $41,200; $17,250 + $41,200 = $58,450).

7

reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient.") (citations omitted). The Court finds that the request for costs is reasonable, as the costs are sufficiently substantiated and "of the type commonly reimbursed by courts in this District." Id.

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, with the exception of the "Other actions" provision in the settlement agreement. The parties are hereby directed to modify that provision as set forth above and re-file the proposed settlement agreement on or before June 25, 2021 for the Court's review and approval. When the parties resubmit the proposed settlement agreement, they must identify in a cover letter all provisions that have been modified from the version submitted at ECF No. 48-1. In addition, the parties are directed to submit a proposed stipulation of dismissal as to Defendants Cherry Lawn Farms, Inc. d/b/a Cherry Lawn Farm Market and Armando D'Onofrio to be so-ordered by the Court. Finally, it is the Court's understanding that Plaintiff no longer intends to pursue his claims against Defendant DiPietro. Accordingly, Plaintiff is directed to submit a proposed order voluntarily dismissing all claims against Defendant DiPietro, so that the dismissal can be ordered by the Court pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dated: June 17, 2021
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge